IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:97-CR-23-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THOMAS JAMES HARRELL, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a detention hearing relating to the pending motion (D.E. 32) for revocation of defendant's supervised release. At the hearing, defendant's counsel made an oral motion pursuant to 18 U.S.C. § 4241(a) for an order providing that defendant be evaluated for mental competency on the grounds that he is unable to assist in his defense. The government does not object to referral of defendant for a mental competency evaluation.

Based on the information from defense counsel, the court finds that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS THEREFORE ORDERED as follows:

1. Defendant shall be examined by at least one qualified psychiatrist or psychologist under the provisions of 18 U.S.C. § 4241(b) and § 4247(b) and (c) to determine if he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. Defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility for purposes of the examination. <u>Such placement shall occur as soon as possible</u>. Defendant shall remain in the custody of the facility until his release is ordered by this court.

3. The court recommends that defendant be placed at FMC-Butner because of its proximity to defendant's counsel.

4. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

5. Reports on the examination shall be prepared, served, and filed in accordance with 18 U.S.C. § 4247(c). At the time that the certified report is filed with the court, a copy of the report shall be sent directly to the chambers of the undersigned Magistrate Judge.

6. Further court proceedings in this case, including the hearing on the motion for revocation of supervised release referenced above, are continued pending order of the court after resolution of the competency issue.

7. To the extent that the Speedy Trial Act is deemed applicable at this stage of this case, the delay that results from the examination and continuance provided for herein shall be excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A) on the grounds that the ends of justice served by granting such relief outweigh the interests of the public and defendant in more expeditious proceedings.

8. No later than 21 May 2014, counsel shall file a joint report on the status of defendant's placement and evaluation. The memorandum shall include: the identity of the

facility at which defendant has been placed for the evaluation; the expected date of completion of the evaluation if not already completed (to the extent reasonably obtainable) or, if completed, the date of completion; and if not already submitted to the court, the expected date of submission of the report on the evaluation (to the extent reasonably obtainable).

9.  No later than 18 June 2014, counsel shall file another joint report on the status of defendant's placement and evaluation, which shall include the same information required in the preceding paragraph.

SO ORDERED, this the 6th day of May 2014.

_____
James E. Gates
United States Magistrate Judge